# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| AUNDREA S. BROOKS, Plaintiff, v. SALT LAKE CITY CORPORATION, et al., Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:19-cv-00409-DB-PMW** <br><br> **District Judge Dee Benson** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Plaintiff Aundrea S. Brooks ("Plaintiff") is proceeding pro se in this case. Consequently, the court will construe Plaintiff's pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). The court also notes that Plaintiff has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court is (1) the review of Plaintiff's complaint[3] under the authority of the IFP Statute and (2) Plaintiff's motion for appointment of counsel.[4]

---

[1] *See* ECF no. 8.

[2] *See* ECF no. 2.

[3] *See* ECF no. 3.

[4] *See* ECF no. 4.

**I.     Review of Plaintiff's Complaint Under IFP Statute**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

Even when the court liberally construes Plaintiff's complaint, the court concludes that Plaintiff has failed to provide enough well-pleaded factual allegations to support the claims for relief alleged in the complaint. Plaintiff provides only conclusory allegations and fails to provide any sufficiently detailed factual allegations that would allow the court to determine whether Plaintiff's claims should survive dismissal.

For those reasons, the court concludes that Plaintiff's current complaint fails to state claims upon which relief can be granted. At the same time, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Accordingly, Plaintiff is hereby provided with an opportunity to amend the current complaint in this action. Plaintiff shall file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before April 24, 2020. Failure to do so will result in a recommendation to Judge Benson that this action be dismissed.

## II. Plaintiff's Motion for Appointment of Counsel

"The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors in this case. First, the merits of Plaintiff's claims are unclear at this point because the court has not yet completed the review of Plaintiff's forthcoming amended complaint pursuant to the IFP Statute. Second, concerning Plaintiff's ability to present claims, there is no indication that Plaintiff is incapacitated or unable to pursue this case adequately. Finally, with respect to the complexity of this case, the court has determined that the factual and legal issues raised by Plaintiff's complaint do not appear to be complicated or difficult to explain. Furthermore, at this stage of Plaintiff's case, the court is concerned only with the sufficiency of Plaintiff's allegations, and the court does not believe that appointed counsel would materially assist Plaintiff in describing the facts surrounding Plaintiff's alleged injuries. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged

injury"). For those reasons, Plaintiff's motion for appointment of counsel[5] is DENIED at this time. If it appears that counsel may be needed or of specific help after the review of Plaintiff's forthcoming amended complaint pursuant to the IFP Statute, however, the court may then ask an attorney to appear pro bono on Plaintiff's behalf.

IT IS SO ORDERED.

DATED this 31st day of March, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] *See* ECF no. 4.